IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| BREANNA MINOR, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| vs. | ) | Case No. 3:12-cv-0473 |
| | ) | Judge Trauger |
| THE METROPOLITAN GOVERNMENT | ) | JURY DEMAND |
| OF NASHVILLE AND DAVIDSON | ) | |
| COUNTY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 11(d)(1)(b)(2), the parties, through their attorneys of record, hereby submit the following proposed case management plan:

1. **Jurisdiction of Court:** Jurisdiction in this case is based upon 28 U.S.C. §§ 1332. The parties do not dispute the jurisdiction of this Court.

2. **Parties, Claims and Defenses:**

    A. **Theory of the Plaintiff:**

Plaintiff Breanna Minor was injured while in the parking lot of LP Field for CMA Music Festival on June 9, 2011. Specifically, the glass cover to a light in the parking lot crashed on Plaintiff's head, causing her to receive lacerations and knocking her unconscious. She was transported to the hospital by ambulance, and was treated and released with a concussion. Plaintiff has since suffered from frequent migraines and vertigo. Defendant owns and controls the parking lot at LP Field, including the street lights in the parking lot. Defendant was negligent in installing and/or maintaining the light at issue, and such negligence resulted in the light cover striking Plaintiff.

**B.     Theory of Defendant:**

Defendant Metropolitan Government denies all allegations of wrongdoing and negligence and asserts that it does not control LP Field or the surrounding parking lots, including the lights on the premises. Further, Metropolitan Government denies that it maintains the lights at LP Field or the surrounding parking lots. Defendant Metropolitan Government also asserts it is a political subdivision of the state of Tennessee and, as such, Plaintiff's action, including issues of immunity and recovery, is governed by, and must be within the parameters of, the Tennessee Governmental Tort Liability Act, Tennessee Code Annotated section 29-20-101, et seq.

3.     **Issues Resolved:** None at this time.

4.     **Issues Still in Dispute:**  Issues regarding liability and damages remain in dispute.

5.     **Witnesses**:

(a)     Plaintiff shall disclose to Defendant the identity of any liability expert witnesses to be used at trial and provide all information required under Federal Rule of Civil Procedure 26(a)(2)(B), including but not limited to reports, on or before March 4, 2013, and shall make them available for deposition no later than June 4, 2013.

(b)     Defendant shall disclose to Plaintiff the identity of any liability expert witnesses to be used at trial and provide all information required under Federal Rule of Civil Procedure 26(a)(2)(B), including but not limited to reports, on or before April 22, 2013, and shall make them available for deposition no later than July 22, 2013.

6.     **Initial Disclosures and Staging of Discovery:**

The parties shall make their initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) by July 16, 2012.

Discovery is not stayed during dispositive motions, unless ordered by the Court.

Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts.

All non-expert liability discovery (excluding requests for admissions, but including all other written discovery and depositions) shall be completed on or before February 4, 2013. Deadlines with respect to non-liability discovery shall be addressed at a later scheduled case management conference.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger. [The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.]

7. **Dispositive Motions:** All dispositive motions shall be filed on or before March 25, 2013. Any response shall be filed within twenty (20) days of the filing of the motion. Any reply shall be filed within ten (10) days after the date the response is filed. Briefs shall not exceed 20 pages.

No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court.

8. **Other deadlines:**

Plaintiff may file an amended complaint to add parties within thirty days of the entry of this order without the necessity of moving to amend.

Request for admissions may be served at any time prior to trial, subject to the time for response provided in Federal Rule of Civil Procedure 36(a).

9. **Alternative Dispute Resolution:**

The parties agree that mediation of this matter may be appropriate. The parties are not ordered to attend ADR at this time, but shall file a joint mediation report on or before February 5, 2013.

10. **Estimated Trial Time:** The parties expect the trial to last approximately two (2) days.

Entered this __6th__ day of __July__, 2012.

_____
ALETA A. TRAUGER, Judge

APPROVED FOR ENTRY:


By: /s/Andrea T. McKellar
  Andrea T. McKellar (#019618)
  Lyndsay Smith Hyde (#024715)
  McKellar|Hyde, PLC
  411 Broadway St., Suite 302
  Nashville, TN 37203
  Ph: (615) 866-9828
  Fax: (615) 866-9863
  amckellar@mckellarhyde.com

  Attorneys for Plaintiff


LEWIS, KING, KRIEG & WALDROP, P.C.


By: /s/ Lindsy Paduch Stempel
  R. Dale Bay, BPR No. 10896
  Lindsy Paduch Stempel, BPR No. 26513
  424 Church Street, Suite 2500
  P.O. Box 198615
  Nashville, TN 37219-8615
  (615) 259-1366

  Attorneys for Defendant


## CERTIFICATE OF SERVICE

  I hereby certify that on this the 5th day of July, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

  R. Dale Bay
  Lindsy Paduch Stempel
  424 Church Street, Suite 2500
  P.O. Box 198615
  Nashville, TN 37219-8615
  (615) 259-1366


           /s/ Andrea Taylor McKellar